# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 8, 2021

Lyle W. Cayce
Clerk

No. 19-60690
Summary Calendar

Santhasoruban Suresh,

*Petitioner,*

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 352 912

Before Haynes, Willett, and Wilson, *Circuit Judges.*

Per Curiam:*

Santhasoruban Suresh, a native and citizen of Sri Lanka, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision and order of the Immigration Judge (IJ) denying his application for asylum, withholding of removal, and Convention Against

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Torture (CAT) relief.  We review the decision of the BIA and will consider the IJ's underlying decision only to the extent that it influenced the BIA's determination.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Suresh does not substantively challenge the dismissal of his withholding of removal claim and has, therefore, abandoned any such challenge.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

A petitioner fails to exhaust, and we lack jurisdiction to consider, issues that he has not first raised before the BIA.  *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).  "[W]here the BIA's decision itself results in a new issue and the BIA has an available and adequate means for addressing that issue, a party must first bring it to the BIA's attention through a motion for reconsideration."  *Id.* at 320.  That is, a petitioner must exhaust, by raising in a motion for reconsideration, any challenge "stemming from the BIA's act of decisionmaking [when the challenge is] one that neither party could have possibly raised prior to the BIA's decision."  *Id.* at 320-21.  Suresh failed to exhaust before the BIA, and we therefore lack jurisdiction to consider, his contentions that (1) the transcript of his Border Patrol interview should not weigh against his credibility because it was implausible, unreliable, and inaccurate, (2) the BIA failed to address a purportedly-raised claim for asylum based upon his status as a failed asylum seeker, and (3) the BIA erred by denying CAT relief because it (a) failed to consider the claim independently and under the correct legal standard, and (b) improperly excluded from consideration his documentary evidence other than the 2017 Department of State Human Rights Report.  *See id.* at 318-21.

We review the dismissal of Suresh's asylum claim under the substantial evidence standard.  *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  The determination that Suresh lacked credibility constitutes a factual finding that we likewise review for substantial evidence.  *See Wang*, 569 F.3d at 536-40.  Under this standard, we may not reverse unless Suresh

"show[s] that the evidence is so compelling that no reasonable factfinder could conclude against it." *Id.* at 537; *see* 8 U.S.C. § 1252(b)(4)(B).

Although Suresh discounts, or offers self-serving explanations for, his contradictory statements regarding his birthplace and his parents' whereabouts, the IJ and the BIA "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted). Suresh fails to show that the adverse credibility determination was unsupported by substantial evidence. *See id.* at 536-37.[1]

Given the adverse credibility determination and Suresh's failure to submit documentary evidence beyond reports describing general country conditions in Sri Lanka, Suresh fails to show that the BIA's denial of his asylum claim based upon his alleged past persecution was unsupported by substantial evidence. *See Dayo v. Holder*, 687 F.3d 653, 657-58 (5th Cir. 2012) (holding that petitioner's claim for asylum based on past persecution necessarily failed when his only evidence of such persecution was his discredited testimony). Substantial evidence also supports the BIA's factual finding that, because Suresh lacked credibility and introduced no documentary evidence verifying his identity, he failed to establish that he is a Northern Province Tamil. *See Wang*, 569 F.3d at 536-37. We are therefore not compelled to reverse the BIA's determination that Suresh failed to establish a well-founded fear of future persecution based on his ethnicity and birthplace. *See Zhang*, 432 F.3d at 344.

---

[1] Because the BIA, having already determined that the IJ's credibility determination was not clearly erroneous, merely cited the "*falsus in uno, falsus in omnibus*" (false in one thing, false in all) doctrine as additional support for its determination, we need not address the arguments about this doctrine.

No. 19-60690

The petition for review is DISMISSED in part and DENIED in part.